IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID VAUGHN GRIER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-3790** |
| | : | |
| **BLANCHE CARNEY,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 20th day of January, 2022, upon consideration of David Vaughn Grier's Amended Complaint (ECF No. 9), it is **ORDERED** that:

1. For the reasons discussed in the Court's Memorandum, Grier's Amended Complaint is **DISMISSED** in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) as follows:

    a. All claims based on grievances or violations of the Inmate Handbook are **DISMISSED WITH PREJUDICE**.

    b. All remaining claims are **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

2. Grier may file a second amended complaint within thirty (30) days of the date of this Order only as to those claims dismissed without prejudice. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Grier's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Grier should be

mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Grier a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Grier may use this form to file his second amended complaint if he chooses to do so.

4. If Grier does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Grier fails to file any response to this Order, the Court will conclude that Grier intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1]

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as

*See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**

---

distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").