**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID VAUGHN GRIER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3790** |
| | : | |
| **BLANCHE CARNEY,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**YOUNGE, J.**                                                    **SEPTEMBER 26, 2022**

In a prior Memorandum and Order filed on January 20, 2022 (ECF Nos. 12, 13), the

Court dismissed David Vaughn Grier's Amended Complaint in part with prejudice and in part

without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  Grier was granted leave to file a second

amended complaint and has now returned with a Second Amended Complaint ("SAC") filed on

July 20, 2022.  (ECF No. 20.)  Grier asserts violations of the Fifth, Seventh, and Fourteenth

Amendments and has named as Defendants Blanche Carney (identified in the SAC as the

"Commissioner") and Nancy Giannetta (identified as the Warden of Curran Fromhold

Correctional Facility ("CFCF")).[1]  Each Defendant is sued in her individual and official

capacities.  For the following reasons, the Fifth and Seventh Amendment claims will be

dismissed with prejudice, the official capacity claims will be dismissed without prejudice, and

the balance of Grier's claims will be served for a responsive pleading.

**I.      FACTUAL ALLEGATIONS**

Grier asserts that the Defendants have failed to pay him $900 in wage earnings while he

was employed in the law library at CFCF from March 2019 through February 2022.  (SAC (ECF

---

[1] In his Amended Complaint, Grier also named Correctional Officer Jackson as a Defendant.
Jackson is not named in the SAC and will be terminated as a party.

No. 20) at 4-5.)  Grier avers that his wages were withheld from him, and he has had to "spend money" to file his claim.  (Id. at 5.)  Grier seeks payment from CFCF in the amount of $900 in wage earnings "for continuously working for them and $402 to cover the money spent to file this lawsuit with the court."  (Id.)

Based on the allegations of his SAC and review of the public state court dockets, it appears that Grier was a pretrial detainee when he worked in the law library at CFCF.  *See Commonwealth v. Grier*, No. CP-51-CR-0004315-2018 (C.P. Phila.).  Public records indicate that Grier was found guilty on February 7, 2022 of murder in the first degree and possession of an instrument of crime with intent.  (*Id.*)  A life sentence was imposed on February 15, 2022. (*Id.)*

## II.    STANDARD OF REVIEW

Although Grier has paid the filing fee in full, the Court has the authority to screen his Second Amended Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*).  Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Grier is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Construing the SAC liberally, the Court understands Grier to be asserting claims against the individual Defendants because he was not compensated for the work he performed while he was incarcerated at CFCF as a pretrial detainee.  Grier also asserts official capacity claims against the Defendants.  In short, Grier asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.       **Fifth Amendment Claims**

Grier cites the Fifth Amendment (SAC at 3), which applies to the federal government, but there is no plausible basis for a Fifth Amendment claim based on his allegations. *Hall v. Nisbit*, No. 21-2139, 2022 WL 910339, at *2 (3d Cir. Mar. 29, 2022) (*per curiam*) ("The Fifth Amendment Due Process Clause applies to federal officials, and none of the Appellees are.") (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983)). The only Fifth Amendment rights to have been applied to the states through the Fourteenth Amendment are the rights against self-incrimination, takings, and double jeopardy. *McDonald v. City of Chicago*, 561 U.S. 742, 765 n.12 (2010). Upon review of the SAC, the Court cannot identify any allegations implicating these rights. Accordingly, Grier's § 1983 claim based on the alleged violation of his Fifth Amendment rights will be dismissed with prejudice.

B.       **Seventh Amendment Claims**

Although Grier cites the Seventh Amendment (*see* SAC at 3), he states no plausible basis for liability against either of the named Defendants for a violation of this provision. The Seventh Amendment preserves the right to a jury trial in cases where there are issues of fact to be determined. *McArdle v. Verizon Commc'ns Inc.*, 567 F. App'x 116, 119 (3d Cir. 2014) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979); *see also Rhea v. Massey-Ferguson, Inc.*, 767 F.2d 266, 268-269 (6th Cir. 1985) ("The Seventh Amendment protects the right of a litigant to a trial by jury, unless his or her claims can be determined as a matter of law."). The Court cannot identify any allegations implicating this right. Accordingly, Grier's § 1983 claim based on the alleged violation of his Seventh Amendment rights will be dismissed with prejudice.

### C.      Official Capacity Claims

Official capacity claims against the Defendants are indistinguishable from claims against the entity that employs the officials, in this case the City of Philadelphia.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Grier has failed to allege that any policy or custom of the City caused the constitutional violations he describes in his SAC.  Rather, he appears to have merely checked the "official capacity" box in addition to the "individual capacity" box on the form complaint he used without understanding the nature of his act.  Rather than delay service of the SAC, the Court will dismiss the official capacity claims without prejudice on screening and consider granting Grier leave to file an amended complaint should be chose to pursue official capacity claims.

### D.      Failure to Receive Wages for Prison Employment

Grier's assertions that he performed work as a pretrial detainee without receiving compensation appears to implicate the Thirteenth Amendment[2] and the Due Process Clause of

---

[2] The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend. XIII, § 1.

the Fourteenth Amendment.  For these reasons, and consistent with the decision of the United States Court of Appeals for the Third Circuit in *Tourscher v. McCullough*, Grier's claim that he has not received wages while working in CFCF as a pretrial detainee will be served for a responsive pleading.  *See id.*, 184 F.3d 236, 242 (3d Cir. 1999) (holding that, while a pretrial detainee could be compelled to perform "some service" in the prison, such as "general housekeeping responsibilities" consistent with the Due Process Clause, dismissal of complaint before service was premature where inmate, who was held for a time as a pretrial detainee, alleged that he was required to work in the prison cafeteria in violation of Thirteenth Amendment).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Fifth and Seventh Amendment claims with prejudice and the official capacity claims without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  The balance of the claims will be served for a responsive pleading.  An appropriate Order follows.

**BY THE COURT:**


**/s/ *John Milton Younge***
**JOHN M. YOUNGE, J.**