IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID VAUGHN GRIER,** | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : No. 21-3790 |
| | : |
| **BLANCHE CARNEY,** *et al.* | : |
| | : |
| **Defendants.** | : |

**DEFENDANTS BLANCHE CARNEY AND NANCY GIANNETTA'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Commissioner Blanche Carney and Warden Nancy Giannetta (together, "Answering Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Second Amended Complaint as follows:

## I.    PARTIES[1]

A. The allegations in this paragraph pertain to a party other than Answering Defendants and, therefore, require no response.

B. Admitted only in that Commissioner Blanche Carney and Warden Nancy Giannetta were employed by the Philadelphia Department of Prisons during the relevant time-period.[2] To the extent any other portion of this section requires a response, denied.

## II.    BASIS FOR JURISDICTION

A. This is a statement of jurisdiction to which the Federal Rules of Civil Procedure require no response.

---

[1] Answering Defendants have numbered the paragraphs to correspond with the Court's form complaint for Plaintiff's handwritten Second Amended Complaint. *See* ECF 20.

[2] Answering Defendants do not waive objection to official capacity claims brought against them by Plaintiff, which were dismissed without prejudice by this Court's September 26, 2022 Order and Memorandum (ECF Nos. 21, 22).

B.  The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

C.  This section of the Court's form complaint for a prisoner filing a civil rights action was left blank by Plaintiff and applies to prisoners suing under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This section of the Court's form complaint is not applicable to Plaintiff's claim and, therefore, requires no response. To the extent a response is required, denied.

D.  This section of the Court's form complaint for a prisoner filing a civil rights action was left blank by Plaintiff and applies to prisoners suing under 42 U.S.C. § 1983 and/or *Bivens*, where the prisoner alleges defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." This section of the Court's form complaint is not applicable to Plaintiff's claim and, therefore, requires no response. To the extent a response is required, denied.

### III.   PRISONER STATUS

Upon information and belief, and after reasonable investigation, Answering Defendants aver Plaintiff was a pretrial detainee according to his publicly available court summary, and not a convicted and sentenced state prisoner, at all times relevant to the complaint.

### IV.   STATEMENT OF CLAIMS

A.  This section of the Court's form complaint for a prisoner filing a civil rights action was left blank by Plaintiff and applies to events which arose outside an institution and give rise to the claim and the description of such events. This section of the Court's form complaint is not

applicable to Plaintiff's claim and, therefore, requires no response. To the extent a response is required, denied.

B. The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

C. The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

D. The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## V.   INJURIES

The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## VI.   RELIEF

The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES AND PROCEDURES

A. Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings, and/or damages alleged to have been sustained

by the Plaintiff and/or whether the Plaintiff's allegations occurred while he was confined in a jail, prison, or other correctional facility, and the same are accordingly denied.

B. Admitted only in that the jail, prison, or other correctional facility where Plaintiff alleges his claim arose has a grievance procedure.

C. Admitted only in that the jail, prison, or other correctional facility where Plaintiff alleges his claim arose has a grievance procedure that covers some or all of Plaintiff's alleged claims. To the extent any other portion of this section requires a response, denied.

D. Upon information and belief, and after reasonable investigation, Answering Defendants deny that Plaintiff filed a grievance and exhausted his administrative remedies. To the extent any other portion of this section requires a response, denied.

E. Upon information and belief, Answering Defendants have no record of Plaintiff's filed grievance, and after reasonable investigation, Answering Defendants aver Plaintiff filed no grievance, and the same are accordingly denied. To the extent any other portion of this section requires a response, denied.

F. This section of the Court's form complaint for a prisoner filing a civil rights action was left blank by Plaintiff and applies to prisoners who did not file a grievance, the reason why a grievance was not filed, whether officials were informed of the claim, and circumstances around informing officials of the claim. The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

G. The allegations contained in this paragraph are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## VIII.   PREVIOUS LAWSUITS

The allegations contained in this section are untrue or constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, the Answering Defendants deny liability to Plaintiff on the cause of actions declared herein, and demand judgment in their favor plus interest and costs of defending this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto.  Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of qualified immunity, official immunity, sovereign immunity, and/or absolute immunity, in so much as, at all times material hereto, the individual Answering Defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C. §1997e (2001) of the Prison Litigation Reform Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata, claim preclusion, issue preclusion and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Answering Defendants have acted in a reasonable, proper, and lawful manner.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred given his failure to allege the violation of any legally cognizable duty by Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## JURY DEMAND

Answering Defendants demand a jury trial in this action.

**WHEREFORE**, the Answering Defendants deny liability to Plaintiff on the cause of actions declared herein, and demand judgment in their favor plus interest and costs of defending this action.

Respectfully Submitted,

Date: November 18, 2022

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán, Esquire
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID VAUGHN GRIER,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 21-3790 |
| : | |
| **BLANCHE CARNEY,** *et al.* : | |
| : | |
| Defendants. : | |

# CERTIFICATE OF SERVICE

    I, Jonah Santiago-Pagán, certify that a true and correct copy of the foregoing Answer and Affirmative Defenses shall be served via regular and certified mail as follows:

David Vaugh Grier
QN 7789
SCI Waymart
11 Fairview Drive
Waymart, PA 18472


Date: <u>November 18, 2022</u>        */s/ Jonah Santiago-Pagán*
                                                                 Jonah Santiago-Pagán, Esquire
                                                                 Assistant City Solicitor
                                                                 Pa. Attorney ID No. 326442
                                                                City of Philadelphia Law Department
                                                                1515 Arch Street, 14th Floor
                                                               Philadelphia, PA 19102
                                                                215-683-5428 (phone)
                                                                215-683-5397 (fax)
                                                                jonah.santiago-pagan@phila.gov